| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-2(c) | |
| David W. Fassett (DWF 1636)<br>ARSENEAULT & FASSETT, LLC<br>560 Main Street<br>Chatham, NJ 07928<br>(973) 635-3366<br>Fax: (973) 635-0855<br>fassett@af-lawfirm.com<br><br>*Attorneys for PACA Trust Beneficiaries/Creditors Farmlind Produce, LLC, and Four Seasons Produce, Inc.* | |
| IN RE:<br><br>ROBERT H. SICKLES,<br><br>                Debtor. | Case no. 24-14781 (CMG)<br><br>Chapter 11 |
| FARMLIND PRODUCE, LLC, and FOUR SEASONS PRODUCE, INC.,<br><br>                Plaintiffs,<br>v.<br><br>ROBERT H. SICKLES,<br><br>                Defendant. | Judge: Hon. Christine M. Gravelle<br><br>**ADVERSARY COMPLAINT EXCEPTING TO DISCHARGE PURSUANT TO 11 U.S.C. §523(a)(4)** |

1

Plaintiffs Farmlind Produce, LLC ("Farmlind") and Four Seasons Produce, Inc. ("Four Seasons") (collectively, "Plaintiffs"), for their Adversary Complaint against Debtor/Defendant Robert H. Sickles ("Mr. Sickles"), allege:

## JURISDICTION

1. Jurisdiction of this matter is conferred on the Court by 28 U.S.C. § 157.

2. This action is brought pursuant to 11 U.S.C. § 523(a)(4) for a determination of non-dischargeability of debts arising under the trust provision of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c)(2).

3. Plaintiffs consent to entry of final orders or judgment by the bankruptcy court.

## PARTIES

4.  a.  At all relevant times, Plaintiff Farmlind was and is a New Jersey limited liability company engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "Produce") in interstate commerce or contemplation thereof, and was and is licensed as a dealer under the provisions of PACA.

 b.  At all relevant times, Plaintiff Four Seasons was and is a Pennsylvania corporation engaged in the business of buying and selling wholesale quantities of Produce in interstate commerce or contemplation thereof, and was and is licensed as a dealer under the provisions of PACA.

2

5.   a.   At all relevant times, Defendant Mr. Sickles was and is an owner, member, officer, and/or director of Sickles Market, LLC ("Sickles Market"), which was and is a New Jersey limited liability company with its principal place of business in Little Silver, New Jersey, was and is engaged in the business of buying wholesale quantities of Produce in interstate commerce or contemplation thereof, and was and is subject to and licensed under the provisions of PACA as a dealer. By virtue of his position, Mr. Sickles controlled the day-to-day operations of Sickles Market, was and is listed as the Reported Principal on Sickles Market's PACA license, and was and is in a position of control over the PACA trust assets belonging to Plaintiffs.

b.   At all relevant times, Defendant Mr. Sickles also was and is an owner, member, officer, and/or director of Sickles Market Provisions, LLC ("Sickles Provisions") which was and is a New Jersey limited liability company with its principal place of business in Red Bank, New Jersey, was and is engaged in the business of buying wholesale quantities of produce in interstate commerce or contemplation thereof, and was and is subject to and licensed under the provisions of PACA as a dealer. By virtue of his position, Mr. Sickles controlled the day-to-day operations of Sickles Provisions, was and is listed as a Reported Principal on Sickles Provisions' PACA license, and was and is in a position of control over the PACA trust assets belonging to Plaintiffs.

## GENERAL ALLEGATIONS

6.  Mr. Sickles filed his Chapter 11 Petition on May 9, 2024 (the "Petition Date").

7.  Prior to the Petition Date, Plaintiffs sold Produce and other non-Produce goods to Sickles Market, of which the Produce has an aggregate principal value of $275,725.47, all of which remains unpaid and is past due, as follows:

| Plaintiff | Dates | Produce Amt | Other Goods Amt | Total |
|---|---|---|---|---|
| Farmlind | 10/2023 thru 01/2024 | $197,343.31 | $0.00 | $197,343.31 |
| Four Seasons | 11/2023 thru 01/2024 | $ 78,382.16 | $4,729.86 | $83,112.02 |
| TOTAL | | $275, 725.47 | $4,729.86 | $280,455.33 |

8.  Additionally, prior to the Petition Date, Plaintiffs also sold Produce and other non-Produce goods to Sickles Provisions, of which the Produce has an aggregate principal value of $22,985.47, all of which remains unpaid and is past due, as follows:

| Plaintiff | Dates | Produce Amt | Other Goods Amt | Total |
|---|---|---|---|---|
| Farmlind | 10/2023 thru 01/2024 | $15,875.63 | $0.00 | $15,875.23 |
| Four Seasons | 12/2023 | $7,109.84 | $712.89 | $7,822.73 |
| TOTAL | | $22,985.47 | $712.89 | $23,697.96 |

In total, prior to the Petition Date, Plaintiffs sold Produce to Sickles Market and Sickles Provisions in the aggregate principal amount of $298,710.94, all of which remains unpaid and is past due.

9. Sickles Market and Sickles Provisions received and accepted the Produce from Plaintiffs.

10. At the time of delivery and acceptance of the Produce, Plaintiffs became beneficiaries in the PACA trust that first arose when Sickles Market and/or Sickles Provisions commenced operations and that was and is designed to assure payment to Produce suppliers such as Plaintiffs (the "PACA Trust"). The PACA Trust is extremely broad and consists of all Produce or Produce-related assets and the proceeds thereof, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Sickles Market, Sickles Provisions, and/or third parties since the creation of the PACA Trust.

11. Sickles Market has been licensed under PACA, and subject to the PACA Trust provisions, since 1998.

12. Sickles Provisions has been licensed under PACA, and subject to the PACA Trust provisions, since 2021.

13. Plaintiffs timely preserved their interests in the PACA Trust in accordance with 7 U.S.C. § 499e(c)(4) by sending invoices to Sickles Market and Sickles Provisions containing the statutory language required to preserve trust

5

benefits, and Plaintiffs remain trust beneficiaries until full payment is made for the Produce.

14. Under the PACA Trust, the Produce buyer/trustee is charged with specific and affirmative fiduciary duties as a trustee, including but not limited to the following:

    a. The Produce buyer/trustee must "maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of Perishable Agricultural Commodities" (7 C.F.R. § 46.46(a)(1));

    b. The Produce buyer/trustee is prohibited from dissipating trust assets (7 C.F.R. § 46.46(a)(1));

    c. The Produce buyer/trustee is required to pay Produce suppliers in a timely manner from the trust assets (7 C.F.R. § 46.46(f));

    d. The Produce buyer/trustee must maintain copies of payment agreements in its files (7 C.F.R. § 46.46(f)(1)); and

    e. The Produce buyer/trustee must refrain from dissipation of trust assets, which means "any act or failure to act which could result in the diversion of trust assets or which could prejudice or impair the ability of unpaid suppliers, sellers, or agents to recover money owed in connection with produce transactions" (7 C.F.R. § 46.46(b)(2)).

15. Sickles Provisions and Sickles Market ceased operations in February 2024 and March 2024, respectively, and their assets have not been formally accounted for by way of any bankruptcy, liquidation, or other legal proceeding.

16. Sickles Market and Sickles Provisions failed to pay Plaintiffs as required under PACA. Plaintiffs have sued, and have moved for entry of default judgments against, Sickles Market and Sickles Provisions under the PACA Trust in a lawsuit pending in the United States District Court for the District of New Jersey under Civil Action No. 24-3746-RK-RLS.

17. On July 2, 2024, and July 3, 2024, Plaintiffs timely filed their Proofs of Claim in the claims register maintained by the Clerk's Office. [*See* Claim Nos. 24 and 25].

## COUNT ONE
(Unlawful Dissipation of PACA Trust Assets by a Corporate Official)

18. Plaintiffs repeat and incorporate each and every allegation set forth in paragraphs 1 to 17 above as if fully set forth herein.

19. Upon information and belief, at all relevant times, Mr. Sickles was and is an owner, member, officer, and/or director of Sickles Market and Sickles Provisions who operated Sickles Market and Sickles Provisions and was and is in a position of and exercised control over the PACA Trust assets belonging to Plaintiffs.

20. Mr. Sickles caused Sickles Market and Sickles Provisions to violate their respective statutory duties to preserve PACA Trust assets and to pay Plaintiffs for the Produce received and accepted.

21. By causing Sickles Market and Sickles Provisions to violate their respective statutory duties to preserve PACA trust assets and to pay Plaintiffs for the Produce received and accepted, Mr. Sickles unlawfully dissipated trust assets as a corporate official and breached his fiduciary duties owed to Plaintiffs.

22. As a direct and proximate result of Mr. Sickles' unlawful dissipation of PACA Trust assets and breach of fiduciary duties, Plaintiffs have been deprived of their rights as qualified beneficiaries of the PACA Trust and have been denied payment for the Produce received and accepted by Sickles Market and Sickles Provisions.

WHEREFORE, Plaintiffs demand judgment against Defendant Robert H. Sickles, for dissipating PACA Trust assets and breaching his fiduciary duty owed to Plaintiffs,

a. in favor of Farmlind in the aggregate principal amount of $213,218.94, plus interest accrued, attorneys' fees and costs incurred, and any other relief deemed just and owing; and

b. in favor of Four Seasons in the aggregate principal amount of $85,492.00, plus interest accrued, attorneys' fees and costs incurred, and any other relief deemed just and owing.

## COUNT TWO
(Declaration of Non-Dischargeability Pursuant to 11 U.S.C. § 523(a)(4))

23. Plaintiffs repeat and incorporate each and every allegation set forth in paragraphs 1 to 22 above as if fully set forth herein.

24. At all relevant times, Mr. Sickles was in a position of control, and exercised control, over the PACA Trust assets belonging to Plaintiffs.

25. At all relevant times, Mr. Sickles owed Plaintiffs fiduciary duties as a trustee with respect to the PACA Trust assets belonging to Plaintiffs.

26. Mr. Sickles was and is guilty of defalcation in one or more of the following ways:

    a. Unlawfully and in violation of 7 U.S.C. § 499b(4), Mr. Sickles failed to make full payment promptly to Plaintiffs in violation of his fiduciary duties under PACA, failed to maintain PACA Trust assets such that they were freely available to satisfy the unpaid obligations owed to Plaintiffs, and dissipated PACA Trust assets; and/or

    b. Mr. Sickles knowingly operated Sickles Market and Sickles Provisions in conscious disregard of his fiduciary duties under PACA, failed to maintain PACA trust assets such that they were freely available to satisfy the unpaid obligations owed to Plaintiffs, and dissipated PACA Trust assets; and/or

    c. Mr. Sickles recklessly operated Sickles Market and Sickles Provisions in conscious disregard of the risk of violating his fiduciary duties under

9

PACA, failed to maintain PACA trust assets such that they were freely available to satisfy the unpaid obligations owed to Plaintiffs, and dissipated PACA Trust assets; and/or

    d.    With willful blindness, Mr. Sickles consciously disregarded a substantial and unjustifiable risk of violating his fiduciary duties under PACA, failed to maintain PACA trust assets such that they were freely available to satisfy the unpaid obligations owed to Plaintiffs, and dissipated PACA Trust assets; and/or

    e.    Mr. Sickles breached his fiduciary duties by failing to preserve PACA Trust assets and failing to account for such assets.

27.    Mr. Sickles' failure to hold in trust for the benefit of Plaintiffs the Produce received and accepted from Plaintiffs, and all inventories of food and other products derived from said Produce, and any receivables or proceeds from the sale of said Produce, until full payment of the sums owing to Plaintiffs for said Produce and demanded by the Plaintiffs, constitutes a defalcation by Mr. Sickles while acting in a fiduciary capacity under 7 U.S.C. § 499e(c)(2) and 11 U.S.C. § 523(a)(4).

28.    The aggregate principal debt of $298,710.94, plus interest accrued and attorneys' fees and costs incurred, owed to Plaintiffs is not dischargeable under 11 U.S.C. § 523(a)(4), which provides that there shall be no discharge from any debt for defalcation while acting in a fiduciary capacity.

WHEREFORE, Plaintiffs demand judgment against Defendant Robert H. Sickles:

    a.    declaring that Mr. Sickles' debt to Plaintiff Farmlind in the aggregate principal amount of $213,218.94, plus interest accrued and attorneys' fees and costs incurred, is non-dischargeable pursuant to the United States Code and remains due and owing to Plaintiff Farmlind; and

    b.    declaring that Mr. Sickles' debt to Plaintiff Four Seasons in the aggregate principal amount of $85,492.00, plus interest accrued and attorneys' fees and costs incurred, is non-dischargeable pursuant to the United States Code and remains due and owing to Plaintiff Four Seasons.

    ARSENEAULT & FASSETT, LLC
*Attorneys for PACA Trust Beneficiaries/Creditors
Farmlind Produce, LLC, and Four Seasons Produce, Inc.*

By: <u>s/ David W. Fassett</u>

Dated: July 11, 2024