UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGION 3 & 9
Rachel Wolf, Esquire
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Email: Rachel.Wolf@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | Case No. 24-14781 (CMG) |
| Robert H. Sickles, | : | Chapter 11 |
| | : | The Honorable Christine M. Gravelle |
| Debtor. | : | Hearing Date: TBD |

**CERTIFICATION OF ADAM SHAARAWY, AUDITOR (BANKRUPTCY), IN SUPPORT OF THE MOTION OF THE UNITED STATES TRUSTEE FOR AN ORDER CONVERTING OR DISMISSING THE CASE PURSUANT TO 11 U.S.C. §1112(b)**

I, Adam Shaarawy, of full age, hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am an Auditor (Bankruptcy) for the Office of the United States Trustee ("U.S. Trustee") in Newark, New Jersey and I have full knowledge of the facts set forth herein.

2. On May 9, 2024, Robert H. Sickles, ("Debtor"), filed a Petition for relief under chapter 11 of Title 11, United States Code. ECF No. 1.

3. The Debtor remains in possession of his property and management of his affairs.

4. On May 17, 2024, Hannah Deininger, a paralegal for the U.S. Trustee, sent an email to Donald W. Clarke, Esq.("Debtor's Counsel"), to schedule the initial debtor interview ("IDI") and to request the Debtor to provide financial documents including: (i) Proof of

1

Insurance; (ii) A complete copy of the Debtor's last filed Federal and State Tax Return; (iii) Copies of most recent bank statements for the three (3) month period preceding the bankruptcy filing; (iv) The most recently filed payroll and sales tax returns, if applicable; (v) Proof of establishment of (a) new DIP Bank Account(s), as well as proof of closure of the pre-petition Bank Account(s); (vi) A copy of a rent roll, if applicable; (vii) List of each software system used to maintain financial records; (viii) Cash Flow Forecast or Budget; (ix) most recently prepared Financial Statements, including but not limited to, a balance sheet and the statement of operations (income statement); and (x) A copy of the debtor's trial balance, as of the month end prior to filing, and unadjusted general ledger for thirty days prior to filing.

5.     On May 17, 2024, I sent an email to Debtor's Counsel to request proof of insurance coverage for the Debtor's properties listed on filed Schedule A/B and other documents.

6.     On May 29, 2024, I, on behalf of the U.S. Trustee, conducted the Initial Debtor Interview and again requested proof of insurance coverage for the Little Silver Property and the Residence, and the other documents to be provided by June 4, 2024.

7.     On June 5, 2024, I sent a follow-up email to Debtor's Counsel again requesting proof of insurance coverage and the other documents.

8.     On June 6, 2024, the Debtor provided proof of insurance that expires on June 21, 2024, for his residence located at 4 Heathcliff Road, Rumson, New Jersey (the "Residence") and copy of an expired insurance policy for 5 Harrison Avenue, Little Silver, New Jersey (the "Little Silver Property") that does not name the Debtor on the policy as either the policy holder or as an additional insured.  The Little Silver Property insurance policy that was provided was showing as expired as of April 18, 2024, and names Sickles Market LLC as the policy holder.

9. On June 12, 2024, I sent a follow-up email to Debtor's Counsel again requesting proof of insurance coverage for the Residence and Little Silver Property.

10. On June 17, 2024, I sent a follow-up email to Debtor's Counsel requesting proof of insurance coverage for the Little Silver Property and the Residence.

11. On June 18, 2024, at the 341 Meeting, a trial attorney on behalf of the U.S. Trustee requested proof of insurance for the Little Silver property and other documents by July 3, 2024.

12. On July 8, 2024, I sent a follow-up email to Debtor's Counsel requesting proof of insurance coverage for the Little Silver Property and the Residence.

13. On July 9, 2024, the Debtor provided proof of insurance for the Residence that will expire on June 21, 2025.

14. On July 15, 2024, I sent a follow-up email to Debtor's Counsel requesting proof of insurance coverage for the Little Silver Property.

15. To date, the Debtor has failed to provide proof of insurance coverage for the Little Silver Property.

16. As of the date of this certification, the Debtor has not filed the May 2024 and June 2024 monthly operating reports.

I certify under penalty of perjury that the forgoing is true and correct to the best of my knowledge.

By: _/s/ Adam Shaarawy_
Adam Shaarawy
Auditor

Dated: August 6, 2024