# EXHIBIT C

**From Section 6 of the Plan, titled** *EFFECT OF PLAN ON CLAIMS, INTERESTS, AND CAUSES OF ACTION*

**Section 6.01 – Binding Effect.** Except as otherwise provided in section 1141(d) of the Bankruptcy Code, on and after the Confirmation Date, the provisions of the Plan shall bind    any holder of a Claim or interest against the Debtors who held such Claim or interest at any    time during the Chapter 11 Cases and its respective successors and assigns, whether or not the Claim or interest of such holder is Impaired under the Plan and whether or not such holder has accepted (or has been deemed to accept) the Plan.

**Section 6.02 – Term of Injunctions or Stays.** Unless otherwise provided herein, all injunctions or stays provided for in the Chapter 11 Cases pursuant to sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Chapter 11 Cases are closed.

**Section 6.03 – Retention of Rights and Causes of Action.** Except as provided in the Plan, all present or future rights, claims, or Causes of Action, rights of setoff or recoupment, or other legal or equitable defenses that the Debtors had prior to the Effective Date against any Person on behalf of the Estate or of the Debtors in accordance with any provision of the Bankruptcy Code or any applicable nonbankruptcy law are preserved for Newco and the Plan Administrator. On the Effective Date, pursuant to section 1123(b)(3) of the Bankruptcy Code, the Plan Administrator and Newco shall have possession and control of, and shall retain and have the right to enforce and pursue, any and all present or future rights, claims, or Causes of Action, rights of setoff or recoupment, or other legal or equitable defenses against any Person and with respect to any rights of the Debtors that arose before or after the Petition Date. The  Plan Administrator and Newco have, retain, reserve, and shall be entitled to assert and pursue all such claims, Causes of Action, rights of setoff, or other legal or equitable defenses, and all legal and equitable rights of the Debtors not expressly released under the Plan may be asserted after the Effective Date. Newco or the Plan Administrator, as applicable, may abandon, settle, or release any or all such claims, rights or Causes of Action, as it deems appropriate  without  further order of the Bankruptcy  Court.  In pursuing any claim, right, or Cause of Action, the  Plan Administrator, as the representative of the Estate, shall be entitled to the extensions provided under section 108 of the Bankruptcy Code. Except as otherwise provided in the Plan, all Causes of Action shall survive confirmation and the commencement or prosecution of Causes of Action shall not be barred or limited by any estoppel, whether judicial, equitable,  or otherwise. Notwithstanding the foregoing, the Debtors shall not retain any Claims or Causes of Action released pursuant to sections 6.04, 6.05, 6.06, or 6.07 of the Plan against the Released Parties or arising under chapter 5 of the Bankruptcy Code (except that such Claims or Causes of Action may be asserted as a defense to a Claim in connection with the claims reconciliation and  objection procedures pursuant to section 502(d) of the Bankruptcy Code or otherwise).

**Section 6.04 –** [INTENTIONALLY OMITTED]

**Section 6.05 – Injunction.**

(a)    **Satisfaction of Claims.** The treatment to be provided for Allowed Claims shall be in full satisfaction, settlement, and release of each such Claim.

(b)      **Scope of Injunction**. Except as otherwise provided in the Plan or the Confirmation Order, as of the Effective Date, all Persons that hold a Claim are permanently enjoined from taking any of the following actions against the Debtor, the Debtor's professionals, the Co-Proponent, and the Co Proponent's professionals,, or any of their respective successors or assigns, or any of their respective assets or properties, on account of any Claim: (i) commencing or continuing in any manner any action or other proceeding with respect to a Claim or based upon a theory which arises out of such holder's Claim; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order with respect to a Claim; (iii) creating, perfecting, or enforcing any lien or encumbrance with respect to a Claim; (iv) asserting a setoff, right of subrogation, or recoupment of any kind with respect to a Claim, the assets, or other property of the Estate; and (v) commencing or continuing any action that does not comply with or is inconsistent with the Plan. Nothing shall preclude the holder of a Claim from pursuing any applicable insurance after the Chapter 11 Cases are closed, from seeking discovery in actions against third parties, or from pursuing third-party insurance that does not cover Claims against the Debtors. For the avoidance of doubt, nothing in this injunction shall limit the rights of a holder of a Claim to enforce the terms of the Plan.

(c)      **Release of Collateral.** Except as expressly provided herein, unless a holder of a Secured Claim receives a return of its Collateral in respect of such Claim under the Plan: (i) each holder of (A) an Allowed Secured Claim; and/or (B) an Allowed Claim that is purportedly secured, on the Effective Date shall (1) turn over and release to Newco any and all property that secures or purportedly secures such Claim; and (2) execute such documents and instruments as the Plan Administrator or Reorganized Debtor requires to evidence such claimant's release of such property; and (ii) on the Effective Date, all claims, rights, title, and interest in such property shall revert to Newco, free and clear of all Claims, including (without limitation) Liens, charges, pledges, encumbrances, and/or security interests of any kind. No Distribution shall be made to or on behalf of any holder of such Claim unless and until such holder executes and delivers to the Plan Administrator such release of Liens. Any such holder that fails to execute and deliver such release of Liens within 60 days of any demand thereof shall be deemed to have no further Claim and shall not participate in any Distribution hereunder. Notwithstanding the immediately preceding sentence, a holder of a Disputed Claim shall not be required to execute and deliver such release of Liens until the time such Claim is Allowed or disallowed.

(d)      **Cause of Action Injunction.** On and after the Effective Date, all Persons other than the Plan Administrator will be permanently enjoined from commencing or continuing in any manner any action or proceeding (whether directly, indirectly, derivatively, or otherwise) on account of, or respecting any claim, debt, right, or Cause of Action that the Plan Administrator retains authority to pursue in accordance with the Plan.

**Section 6.06 – Exculpation.** Except as otherwise set forth in the Plan, neither the Debtors, nor any Released Party, nor any of their respective current or former members, directors, officers, trustees, employees, agents (acting in such capacity), advisors, attorneys, nor representatives of any professional employed by any of them shall have or incur any liability to any Person or entity for any action taken or omitted to be taken in connection with or related to the formulation, preparation, dissemination, implementation, confirmation, or consummation of the Plan, the Disclosure Statement, or any contract, release, or other agreement or document created or entered into, or any other action taken or omitted to be taken in connection with the Plan, the administration of the Plan or property to be distributed pursuant to the Plan, and actions taken or omitted to be taken in connection with the Chapter 11 Cases or the operations, monitoring, or administration of

3

the Debtors during the Chapter 11 Cases, and the Plan Administrator shall have no liability for any action taken or omitted to be taken in connection with or related to the winding down and post-confirmation administration of the Estate, except for (a) intentional fraud, gross negligence, or willful misconduct, and (b) solely in the case of attorneys, to the extent that such exculpation would violate any applicable professional disciplinary rules, including Disciplinary Rule 6-102 of the Code of Professional Conduct.

**Section 6.07 – Preservation and Application of Insurance**. The provisions of the Plan shall not diminish or impair in any manner the enforceability of coverage of any insurance policies (and any agreements, documents, or instruments relating thereto) that may cover Claims against the Debtors, any directors, trustees, or officers of the Debtors, or any other Person, including, without limitation, insurance for the Debtors' directors and officers.

**Section 6.08 – Compromise of Controversies.** Pursuant to Bankruptcy Rule 9019, and in consideration for the classification, distribution, and other benefits provided under the Plan, the provisions of the Plan shall constitute a good faith compromise and settlement of all Claims and controversies resolved pursuant to the Plan, including, without limitation, all severance claims and all Claims arising prior to the Effective Date, whether known or unknown, foreseen or unforeseen, asserted or unasserted, arising out of, relating to, or in connection with the business or affairs of or transactions with the Debtors. The entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of each of the foregoing compromises or settlements, and all other compromises and settlements provided for in the Plan, and the Bankruptcy Court's findings shall

constitute its determination that such compromises and settlements are in the best interests of the Debtors, the Estate, creditors, and other parties in interest, and are fair, equitable, and within the range of reasonableness.

**Section 6.09 – Solicitation of Plan.** As of and subject to the occurrence of the Confirmation Date: (a) the Debtors shall be deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including without limitation, sections 1125(a) and (e) of the Bankruptcy Code, and any applicable non-bankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with such solicitation and (b) the Debtors and each of their respective directors, officers, employees, affiliates, agents, financial advisors, investment bankers, professionals, accountants, and attorneys shall be deemed to have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code in the offer and issuance of any securities under the Plan, and therefore are not, and on account of such offer, issuance, and solicitation will not be, liable at any time for any violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or the offer and issuance of any securities under the Plan.

**Section 6.10 – Post-Confirmation Activity.** As of the Effective Date, the Plan Administrator may implement the Plan without supervision of the Bankruptcy Court, other than those restrictions expressly imposed by the Plan and the Confirmation Order. Without limiting the foregoing, the Plan Administrator may pay any charges it incurs for taxes, professional fees, disbursements, expenses, or related support services after the Effective Date without application to and approval of the Bankruptcy Court.

**Section 6.11 – Avoidance Actions.** On the Effective Date, the Debtors shall be deemed to release any and all rights, claims, and causes of action that a trustee, debtor in possession, or other appropriate party in interest would be able to assert on behalf of the Debtors under applicable state statutes or the avoidance provisions of chapter 5 of the Bankruptcy Code, including actions under one or more of the provisions of Bankruptcy Code sections 506 and 542 through 551 (collectively, "Avoidance Actions") .