> **THIS OMNIBUS OBJECTION SEEKS TO REDUCE OR DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>SCHEDULES 1-5</u> ATTACHED TO THE PROPOSED ORDER.**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br>**GENOVA BURNS LLC**<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Phone: (973) 467-2700<br>*Counsel to Debtors-in-Possession*<br>**DANIEL M. STOLZ, ESQ.**<br>**JEFFREY R. RICH, ESQ.**<br>**DONALD W. CLARKE, ESQ.**<br>**JACLYNN N. McDONNELL, ESQ.**<br>*dstolz@genovaburns.com*<br>*jrich@genovaburns.com*<br>*dclarke@genovaburns.com*<br>*jmcdonnell@genovaburns.com* | |
| In Re:<br><br>ROBERT H. SICKLES, et. al.,[1]<br><br>           Debtor-in-Possession. | Chapter 11<br><br>Case No.: 24-14781-CMG<br><br>Hearing Date: January 28, 2025 at 10:00am |

**DEBTORS' FIRST OMNIBUS OBJECTION TO CLAIMS SEEKING TO DISALLOW, REDUCE AND EXPUNGE CERTAIN CLAIMS**

  Robert H. Sickles and AHS Realty LLC (hereinafter "Debtors"), by and through its counsel, Genova Burns, LLC, hereby submits this First Omnibus Objection ("Omnibus Objection") to Claims Seeking to Disallow, Reduce and Expunge Certain Claims because each such claim (collectively, the "Proofs of Claim"): (a) is substantively duplicative of another claim or claims filed on account of the same liability (the "Duplicate Claims"); (b) does not reflect the Debtors Books and records the (the "Reduced Claims"); (c) has failed to include sufficient

---

[1] Robert H. Sickles' case is jointly administered with the case of AHS Realty LLC (24-14779)

documentation to support the amount of the claim (the "Insufficient Documentation Claims"); (d) was filed after the applicable Claims Bar Date (the "Late Filed Claims"); and/or (e) is not enforceable against the Debtor asserted to be liable for such claim (the "No Liability Claims"). For the reasons set forth therein the Debtors respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court (the "Court") has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2. The statutory predicates for the relief requested herein are section 502(b) of Title 11 of the United States Code ("Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-2 of the Local Rules of the United States Bankruptcy Court District of New Jersey (the "D.N.J. LBR").

## BACKGROUND

3. On May 9, 2024, (the "Petition Date"), the Debtors filed voluntary petitions for relief (the "Petition Date") under chapter 11 of title 11 of the United States Bankruptcy Code, 11 U.S.C. §101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"). The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this Chapter 11 Case.

4. On August 27, 2024, this Court entered an order authorizing the joint administration ("Joint Administration Order") of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). These Chapter 11 Cases are being jointly administered under lead Case No. 24-14781. Notwithstanding, the Debtors filed separate schedules, and proofs of claim were filed in

2

each of their cases.

5. On May 30, 2024, the Court entered an order establishing certain dates and deadlines for filing Proofs of Claim in these Chapter 11 cases. Specifically, among other things, the Court established July 18, 2024 ("Bar Date") as the deadline for all persons and entities asserting a Claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose on or prior to the Petition Date, including claims pursuant to section 503(b)(9) of the Bankruptcy Code, and November 5, 2024 ("Governmental Bar Date") as the deadline for all governmental agencies, to file written proof of such claim.

6. The Debtors have reviewed each of the proofs of claim listed on **Schedule 1** through **Schedule 5** to the proposed order filed herewith ("Proposed Order") and have concluded that each such claim should be disallowed, reduced and/or expunged for the reasons stated herein.

## RELIEF REQUESTED

7. The Debtors respectfully request entry of an order, substantially in the form of the Proposed Order, pursuant to the Bankruptcy Code and the Bankruptcy Rules disallowing, reducing and expunging each claim listed on **Schedule 1**, **Schedule 2**, **Schedule 3**, **Schedule 4** and **Schedule 5** attached to the Proposed Order.

## BASIS FOR RELIEF REQUESTED

8. When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Allegheny Int'l, Inc.* (*Allegheny)*, 954 F.2d 167, 173 (3d Cir. 1992). To receive the benefit of prima facie validity, however, the proof of claim must "set forth facts necessary to support the

3

claim." *In re Stoecker*, 143 B.R. 879, 883 (N.D. Ill. 1992). Where the claimant alleges sufficient facts to support its claim, the claim is afforded prima facie validity. *Allegheny*, 954 F.2d at 173.

9. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).

10. Thus, while a properly filed proof of claim is *prima facie* evidence of the claim's allowed amount, when an objecting party presents evidence to rebut the claim's *prima facie* validity, the claimant bears the burden of proving the claim's validity by a preponderance of evidence. *See Allegheny,* 954 F.2d at 173-74. The burden of persuasion with respect to the claim is always on the claimant. *See Biolitec, AG v. Cyganowski*, No. 13-cv-5864, 2013 WL 6795400, *3 (D. N.J. Dec. 16, 2013); *see also Allegheny*, 954 F.2d at 173-74. The failure to allege facts and to provide sufficient support for a claim deprives the claim of *prima facie* validity. *See In re Jorczak*, 314 B.R. 474, 481-82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims).

11. Once an objection to a claim is filed, the Court, after notice and hearing, shall determine the validity and allowed amount said claim. 11 U.S.C. § 502(b).

12. Bankruptcy Rule 3007 requires that an objection to a proof of claim be made in writing and that the claimant be provided with not less than thirty days' notice of the hearing to be held in respect of such objection*. See* Fed. R. Bankr. P. 3007(a).

13. In addition, pursuant to Local Bankruptcy Rule 3007-2, "[a]n omnibus objection to claims may be filed to reduce the amount of a claim or to modify a claim's priority status." D.N.J. LBR 3007-2.

4

14. Objections of up to one hundred claims may be joined in an omnibus objection if such objections are based on the grounds that the claims should be disallowed, in whole or in part, for any of eight enumerated reasons, including: "they were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of noncompliance." *See* Fed. R. Bankr. P. 3007(d).

15. Moreover, in allowing this Motion to exceed the scope of grounds articulated in Bankruptcy Rule 3007(d) (while not violating D.N.J. Rules 3007-1 or 3007-2), claimants whose claims are objected to by way of this Motion will not be prejudiced because a copy will be served by first class mail on such claimants (and their counsel, if known) using the address set forth in their respective proof of claim, or the most recent address reflected in the Debtors' books and records, or in filings with the Court and, where applicable, to the local United States Attorney and the Attorney General of the United States pursuant to Bankruptcy Rule 7004 or other appropriate state or local agency.

16. The claims listed on **Schedule 1** through **Schedule 5** include those to which the Debtors assert the same or similar defenses, including: (i) the claim represents a debt that is duplicative of other proofs of claim; (ii) the claim does not reflect the Debtors books and records; (iii) the alleged claimant has provided inadequate support of the claim; (iv) the claim was untimely filed; and (v) the claim represents a debt for which the Debtors are not liable.

## OBJECTION

### A.    The Duplicate Claims

17. The Debtors object to each of the claims listed on **Schedule 1** to the Proposed Order. The Debtors have reviewed the Duplicate Claims and determined each the Duplicate Claims are duplicative of other Proofs of Claim filed by or on behalf of the same claimant (or a

successor thereto) in respect of the same liabilities, or that are duplicative but have certain differences (e.g., a claim for a single liability duplicated against multiple Debtors), as the Proofs of Claim reflected in the column labeled "Surviving Claim" ("Surviving Claims") on **Schedule 1**. Any disallowance or expungement of the Duplicate Claims will not affect the Surviving Claims, which will remain on the Claims Register unless withdrawn by the applicable claimants or disallowed by the Court, subject to the Debtors' right to object to such claims in the future on any grounds permitted by applicable law. Failure to disallow the Duplicate Claims may result in a double recovery for each claimant.

      B.      **The Reduced Claims**

18. The Debtors object to each of the claims listed on **Schedule 2** to the Proposed Order. The Debtors have reviewed the Reduced Claims and have determined that each Reduced Claim failed to provide sufficient documentation to support the amount of the claim, or showed a record of indebtedness, the total amount of which is greater than what is reflected on the Debtors' books and records. Failure to modify the Reduced Claims could result in the relevant claimant receiving an unwarranted recovery against the Debtors. Accordingly, the Debtors respectfully request entry of an order modifying the amount of each Reduced Claim to the amount identified in the column labeled "Modified Claim" on **Schedule 2** to the Proposed Order. Failure to modify the Reduced Claims may result in an improper recovery to each claimant.

      C.      **The Insufficient Documentation Claims**

19. The Debtors object to each of the claims listed on **Schedule 3** to the Proposed Order. The Debtors have reviewed the Insufficient Documentation Claims and determined that each claim listed on **Schedule 3** to the Proposed Order assert amounts without attaching sufficient supporting documentation to the claim that which would allow the Debtors to make a

reasonable determination as to its validity. Failure to disallow the Insufficient Documentation Claims at this stage could result in an improper recovery on account of said claims to the detriment of other creditors. Accordingly, the Debtors respectfully request entry of an order disallowing each Insufficient Documentation Claim absent timely receipt of additional documentation sufficient to support each claim.

D. **The Late Filed Claims**

20. The Debtors object to each of the claims listed on **Schedule 4** to the Proposed Order. The Debtors have determined that the Late Filed Claims were filed after the applicable Bar Date. Moreover, the Debtors believe that each claimant asserting a Late Filed Claim was provided timely notice of the Bar Date and did not seek this Court's permission or approval to file their respective claims past the Bar Date. Accordingly, the Debtors request that the Court disallow and expunge each Late Filed Claim from the Debtors' Claims Register.

E. **The No Liability Claims**

21. The Debtors object to each of the claims listed on **Schedule 5** to the Proposed Order. The Debtors have determined that each of the No Liability Claims listed on **Schedule 5** to the Proposed Order assert amounts that contradict the Debtors' books and records and/or assert amounts for which the Debtors are not liable. As such, the Debtors seek disallowance of each of the No Liability Claims. If the No Liability Claims are not disallowed and expunged, the potential exists for each applicable claimant to receive recoveries to which they are not entitled to, to the detriment of other creditors.

**RESPONSES TO THE OBJECTION**

22. _Parties Required to File a Response_. Any party who disagrees with an Omnibus Objection is required to file a response in accordance with the procedures set forth herein. If a

claimant whose claim is subject to an Omnibus Objection does not file and serve a response in compliance with the procedures below, the Court may grant the Omnibus Objection with respect to such claim without further notice to the claimants.

23. *Response Contents*. Each response must contain the following (at a minimum):

    a. caption stating the name of the Court, the name of the Debtors, the bankruptcy case number, the title of the Omnibus Objection to which the response is directed, and, *if applicable*, the Proof of Claim number(s) related thereto from the Claims Register;

    b. a concise statement setting forth the reasons why the Court should not grant the Omnibus Objection with respect to such claim, including the factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

    c. a copy of any other documentation or other evidence of the claim, to the extent not already included with the claim, upon which the claimant will rely in opposing the Omnibus Objection; provided, however, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the response; provided further, however, that the claimant shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its claim, subject to appropriate confidentiality constraints; and

    d. the following contact information for the responding party:

        i. the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the response, if any; or

        ii. the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the claimant's behalf.

24. *Filing and Service of the Response*. A response will be deemed timely only if it is filed with the Court and actually received by 4:00 p.m. (prevailing Eastern Time) on the day that is twenty-one (21) calendar days from the date the Omnibus Objection is served (the "Response Date") by the following parties:

1. **DEBTORS' COUNSEL**:   Daniel Stolz, Esq.
   GENOVA BURNS LLC
   110 Allen Road, Suite 304
   Basking Ridge, NJ 07920

2. **UNITED STATES TRUSTEE**: Office of the United States Trustee
   One Newark Center
   Suite 2100
   Newark, NJ 07102

25. <u>Discovery</u>. If the Debtors determine that discovery is necessary in advance of a hearing on the Objection, the Debtors will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation. Such notice may be incorporated into the initial agenda letter for the hearing or may be provided by separate notice.

26. <u>Failure to Respond</u>. A response that is not filed and served by the Response Deadline in accordance with the procedures set forth herein may not be considered by the Court at the hearing. **Absent reaching an agreement with the Debtors resolving the Omnibus Objection to a Claim (as described in the Objection Notice), failure to timely file and serve a response as set forth herein may result in the Court granting the Omnibus Objection without further notice or hearing**. Upon entry of an order sustaining an Omnibus Objection, affected creditors will be served with such order.

27. <u>Reply to a Response</u>. The Debtors shall be permitted to file a reply to any response no later than four (4) days before the hearing with respect to the relevant Omnibus Objection.

## <u>RESERVATION OF RIGHTS</u>

28. In the event that any of the Proofs of Claim are not disallowed, reduced and/or expunged, on the grounds asserted herein, the Debtors hereby reserve their rights to object to

9

such Proofs of Claim on any other grounds. Additionally, the Debtors expressly reserve the right to amend, modify or supplement the objections asserted herein and to file additional objections to the Proofs of Claim or any other claims that may be asserted against the Debtors' estates.

29. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against a Debtor entity or such Debtor entity's estate; (b) a waiver of any party's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Omnibus Objection or any order granting the relief requested by this Omnibus Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

## SEPARATE CONTESTED MATTER

30. To the extent that a response is filed regarding any Proof of Claim and the Debtors are unable to resolve any such response, each such Proof of Claim, and the Omnibus Objection as it pertains to such Proof of Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Further, the Debtors request that any order entered by the Court regarding an objection or other reply asserted in response to this Omnibus Objection be deemed a separate order with respect to each Proof of Claim.

## WAIVER OF MEMORANDUM OF LAW

31. The Debtors respectfully request that this Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3), as the legal bases upon which the Debtors rely is incorporated herein and the Omnibus Objection does not raise any novel issues of law.

## NOTICE

32. Notice of this Omnibus Objection has been given to: (a) the affected claimant party set forth on the Proof of Claim and their respective attorney of record (if any) and (b) the U.S. Trustee. The Debtors respectfully submit that such notice is sufficient and proper under the circumstances and that no other or further notice is required.

## CONCLUSION

33. WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court: (a) grant this Omnibus Objection; (b) enter an order substantially in the form of the Proposed Order filed herewith granting this Omnibus Objection, providing that the Duplicate Claims, the Reduced Claims, the Insufficient Documentation Claims, the Late Filed Claims and the No Liability Claims shall be disallowed, reduced and expunged; and (c) grant such other and further relief as the Court deems just and proper.

**GENOVA BURNS, LLC**
*Counsel for the Debtors-in-Possession*

Dated: December 27, 2024          By: */s/ Jaclynn N. McDonnell*
                                       Jaclynn N. McDonnell, Esq.